United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  Case No. 17-12224-amc
Cyrus M. Knower  Chapter 13
Caroline Y. Knower
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: admin    Page 1 of 3
Date Rcvd: Feb 04, 2022    Form ID: 3180W    Total Noticed: 18

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 06, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | | Cyrus M. Knower, Caroline Y. Knower, 767 Chester Creek Road, Brookhaven, PA 19015-1027 |
| 13957103 | + | Burke & Hess, 1672 Manheim Pike, Lancaster, PA 17601-3028 |
| 13892413 | + | Fifth Third Bank, 5050 Kingsley Drive, Cincinnati, OH 45227-1115 |
| 13904110 | + | Fifth Third Bank, PO Box 9013, Addison, Texas 75001-9013 |
| 13915873 | + | Southwest Delaware County Municipal Authority, PO BOX 2466, Aston PA 19014-0466 |

TOTAL: 5

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Feb 04 2022 23:39:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Feb 05 2022 04:38:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Feb 04 2022 23:39:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | + | Email/Text: usapae.bankruptcynotices@usdoj.gov | Feb 04 2022 23:39:00 | U.S. Attorney Office, c/o Virginia Powel, Esq., Room 1250, 615 Chestnut Street, Philadelphia, PA 19106-4404 |
| 13906972 | + | EDI: PHINAMERI.COM | Feb 05 2022 04:38:00 | AmeriCredit Financial Services, Inc. dba GM Financ, P O Box 183853, Arlington, TX 76096-3853 |
| 14035258 | | EDI: ECMC.COM | Feb 05 2022 04:38:00 | Educational Credit Management Corporation, P.O. Box 16408, St. Paul, MN 55116-0408 |
| 13904110 | + | Email/Text: FifthThirdBKNotices@nationalbankruptcy.com | Feb 04 2022 23:39:00 | Fifth Third Bank, PO Box 9013, Addison, Texas 75001-9013 |
| 13941565 | | Email/PDF: resurgentbknotifications@resurgent.com | Feb 04 2022 23:47:00 | LVNV Funding, LLC its successors and assigns as, assignee of Citibank, N.A., Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 13970873 | + | EDI: MID8.COM | Feb 05 2022 04:38:00 | MIDLAND FUNDING LLC, PO Box 2011, Warren, MI 48090-2011 |
| 13972652 | | EDI: PRA.COM | Feb 05 2022 04:38:00 | Portfolio Recovery Associates, LLC, POB 41067, Norfolk VA 23541 |
| 13892420 | + | Email/PDF: ebnotices@pnmac.com | Feb 04 2022 23:47:01 | Pennymac Loan Services, LLC, 6101 Condor Drive, Moorpark, CA 93021-2602 |
| 13892424 | + | EDI: RMSC.COM | Feb 05 2022 04:38:00 | SYNCB/Suzuki Installment, PO Box 6153, Rapid City, SD 57709-6153 |

| Recip ID | | | | |
|---|---|---|---|---|
| 14215959 | + Email/Text: bncmail@w-legal.com | Feb 04 2022 23:39:00 | SYNCHRONY BANK, c/o Weinstein & Riley, P.S., 2001 Western Ave, Ste 400, Seattle, WA 98121-3132 | |
| 13963629 | EDI: RMSC.COM | Feb 05 2022 04:38:00 | Synchrony Bank, Attn: Bankruptcy Department, PO Box 530912, Atlanta, GA 30353-0912 | |
| 13982873 | EDI: ECMC.COM | Feb 05 2022 04:38:00 | US Department of Education, PO Box 16448, St. Paul, MN 55116-0448 | |

TOTAL: 15

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| 14035259 | * | Educational Credit Management Corporation, P.O. Box 16408, St. Paul, MN 55116-0408 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 06, 2022    Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 4, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| JEROME B. BLANK | on behalf of Creditor Bank Of America N.A. paeb@fedphe.com |
| JOSEPH ANGEO DESSOYE | on behalf of Creditor Bank Of America N.A. paeb@fedphe.com |
| MARIO J. HANYON | on behalf of Creditor Bank Of America N.A. wbecf@brockandscott.com, mario.hanyon@brockandscott.com |
| MICHAEL D. HESS | on behalf of Debtor Cyrus M. Knower amburke7@yahoo.com |
| MICHAEL D. HESS | on behalf of Joint Debtor Caroline Y. Knower amburke7@yahoo.com |
| POLLY A. LANGDON | on behalf of Trustee FREDERICK L. REIGLE ecfmail@readingch13.com |
| REBECCA ANN SOLARZ | on behalf of Creditor Bank Of America N.A. bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| THOMAS SONG | on behalf of Creditor Bank Of America  N.A. et al tomysong0@gmail.com |
| United States Trustee | |

District/off: 0313-2     User: admin     Page 3 of 3
Date Rcvd: Feb 04, 2022     Form ID: 3180W     Total Noticed: 18

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 10

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Cyrus M. Knower<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–3386<br>EIN   _ _–_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | Caroline Y. Knower<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–8469<br>EIN   _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 17–12224–amc | |

# Order of Discharge                                                                                          12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

    Cyrus M. Knower                                Caroline Y. Knower

    2/4/22                                           **By the court:** Ashely M. Chan
                                                               United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**